UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

AARON CLARK,

        Plaintiff,

v.

UNKNOWN ADAMS, et al.,

        Defendants.
_____/

Case No. 2:22-cv-104

Hon. Hala Y. Jarbou

## **ORDER**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In an opinion and judgment entered on June 27, 2022, the Court dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). (ECF Nos. 10, 12.) Subsequently, Plaintiff filed a notice of appeal (ECF No. 13) and a motion to proceed *in forma pauperis* on appeal (ECF No. 16.) The Court declined to certify that an appeal would not be taken in good faith; however, as explained below, because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* on appeal under 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason,

Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's prior lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Clark v. Lindemuth*, No. 2:12-cv-159 (W.D. Mich. Oct. 19, 2012); *Clark v. Lindemuth*, No. 2:11-cv-336 (W.D. Mich. July 9, 2012); *Clark v. Derry*, No. 2:11-cv-253 (W.D. Mich. Apr. 16, 2012). Plaintiff also has been denied leave to proceed *in*

*forma pauperis* in at least one action. *See Clark v. LaPlante*, No. 2:18-cv-40 (W.D. Mich. July 3, 2018).

In this action, although the Court permitted Plaintiff to proceed *in forma pauperis* because he had sufficiently alleged that he was in imminent danger at the time that he filed his complaint, when Plaintiff filed the present motion for leave to proceed *in forma pauperis* on appeal, he did not allege that he faced any ongoing danger. (*See* ECF No. 16.) Indeed, Plaintiff's motion for leave to proceed *in forma pauperis* on appeal makes no mention of imminent danger. Under these circumstances, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* on appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 16) is **DENIED** because he has "three strikes" pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire filing fee for appealing a civil action, which is $505.00, to the Clerk of this Court. Plaintiff's failure to comply with the order may result in dismissal of this appeal without prejudice by the Sixth Circuit Court of Appeals.

Dated: August 24, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**